IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN RICHARDSON, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:21-cv-00559 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CORRECTIONAL OFFICER DAVIS, | ) |     United States District Judge |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Brian Richardson, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. His amended complaint names a single defendant: Correctional Officer Davis. (Am. Compl., Dkt. No. 5.) Richardson originally filed his lawsuit in the United States District Court for the Eastern District of Virginia, and that court transferred it here. (Dkt. No. 7.) It is now pending before the court for review pursuant to 28 U.S.C. § 1915A(a).

Section 1915A(a) requires the court to conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Richardson's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1). Because it is possible that Richardson may be able to state a claim with additional factual matter, however, the court will dismiss his amended

complaint without prejudice and will give Richardson an opportunity to file an amended complaint within thirty days.

## I. FACTUAL BACKGROUND

Richardson's complaint arises from events at Red Onion State Prison, where he is incarcerated. The factual allegations in support of his claim are contained in a single paragraph. (Am. Compl. 4.)[*] He alleges that defendant Davis, who he describes as a "confirm[ed] rac[ist]," has threatened him with physical harm on numerous occasions. (*Id.*) He describes one incident in particular, in which Davis was "about to strike" him with his hand, but another officer intervened and told Davis not to do so. Davis then walked away from Richardson. (*Id.*) Richardson alleges that Davis's verbal abuse has physically affected him. Specifically, he says that the abuse has caused his "bodily fluids to back up in the top and bottom areas of [his] mouth" and caused "knots to form in [his] mouth." (*Id.*)

Richardson further alleges that Davis "encourages offenders that [are] on the top level with [Richardson] to do physical harm to [him], by the way he verbally tell[s] them all false information about" him. (*Id.*) Richardson does not specify the nature of the false information Davis allegedly has told other inmates.

His complaint seeks $100,000 in damages. (*Id.* at 5.)

## II. DISCUSSION

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (citation and internal quotation marks omitted). Richardson does not indicate

---

[*] The complaint also includes several hand-written pages, but they pertain to earlier lawsuits Richardson has filed and information about the filing of his *in forma pauperis* application; they do not relate to his claims against Davis. (*See* Am. Compl. at 10–11.)

2

what constitutional right he believes Officer Davis violated, but, regardless, he has failed to state facts giving rise to a constitutional violation. Thus, his complaint fails to state a § 1983 claim.

Most notably, to the extent Richardson's complaint is intended to assert a claim under the Eighth Amendment, an Eighth Amendment claim requires—at a minimum—either a "nontrivial" use of force, *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010), or a showing of prison conditions that demonstrate a "significant physical or emotional harm, or a grave risk of such harm," *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). There is no allegation of force here, trivial or otherwise. Further, verbal harassment alone—even including the use of racial epithets—while abhorrent and unprofessional, does not violate the Eighth Amendment. *Henslee v. Lewis*, 153 F. App'x 179, 179 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983."). *See also Morva v. Johnson*, No. 7:09-cv-00515, 2011 WL 3420650, at *7 (W.D. Va. Aug. 4, 2011) (collecting authority for the proposition that "[v]erbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety," do not give rise to a due process violation or an Eighth Amendment violation). Thus, Richardson fails to state a constitutional violation based on Davis's alleged threats, and any § 1983 claim based on those threats must be dismissed.

The only other alleged conduct by Davis is that he has allegedly "encourage[ed] other offenders to do harm to Richardson" by spreading unspecified "false information" about Richardson. (Am. Compl. 5.) The Eighth Amendment obligates prison officials to take reasonable precautions to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To hold a prison official liable under § 1983 for a failure to protect, a plaintiff must establish that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm" and (2) the defendant prison official had a "sufficiently culpable state of mind," one of "deliberate indifference." *Farmer*, 511 U.S. at 834. Nowhere

does Davis indicate that he was, in fact, harmed. Nonetheless, courts have recognized that, in certain circumstances, an Eighth Amendment claim can be premised on the disclosure of specific information to another inmate (such as a prison guard telling other inmates that the plaintiff was a "snitch"), even where an attack has not occurred. *See, e.g.*, *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (so holding and collecting authority for the proposition that "labeling an inmate a snitch has the potential for great harm and may violate constitutional guarantees"); *Cullen v. Somerset Cty.*, No. CIV.A. WMN-10-0055, 2011 WL 2066553, at *6 (D. Md. May 25, 2011) ("Where prison officials or personnel have intentionally caused inmates to be identified as informants or snitches, courts have consistently found Eighth Amendment violations.").

Here, though, Richardson does not allege that he was called a "snitch" and he has not presented any details as to what "lies" Davis allegedly said about him. Moreover, he also has failed to identify a specific danger that "is facially concrete and plausible enough to satisfy basic pleading standards." *See Brown v. Narvais*, 265 F.App'x 734, 736 (10th Cir. 2008) ("We . . . do not hold that disclosures of this sort always in fact create an actionable danger to the inmate, regardless of circumstances that might materially affect the consequences of the disclosure, such as protective action by prison authorities or other contingencies that could negate the potential danger involved. We hold only that allegations of a prison officer's deliberate disclosure of dangerous information about an inmate's status are sufficient to state a claim under the Eighth Amendment provided the alleged danger is facially concrete and plausible enough to satisfy basic pleading standards.").

For these reasons, the court concludes that Richardson's amended complaint fails to state a claim on which relief can be granted, and must be dismissed. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state

a plausible claim, the court will dismiss without prejudice and allow him an opportunity to file a second amended complaint, if he so chooses.

To the extent that any of Richardson's factual allegations can be interpreted as attempting to assert a state-law claim, the court declines to exercise jurisdiction over any such claim, given the dismissal of his federal claim. *See* 28 U.S.C. § 1367(c)(3).

### III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss Richardson's amended complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: December 10, 2021.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge